# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Carlos Tilley,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0644** (Marion County No. 24-2018-C-147)

**Donnie Ames,  Superintendent,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carlos Tilley appeals the July 14, 2021, order of the Circuit Court of Marion County that denied his petition for post-conviction habeas corpus relief. Superintendent Donnie Ames responds in support of the circuit court's order.[1]

In 2015, police obtained a magistrate court warrant for electronic interception (under West Virginia Code § 62-1F-4) to allow them to conceal video recording equipment on a confidential informant ("CI") who offered to purchase drugs at the apartment of known drug dealer Nathaniel Williams. The CI went to Williams's apartment, which was located within fifty feet of a school. Mr. Williams was not at home; however, the CI was able to purchase crack cocaine from petitioner, who was at Williams' apartment. Thereafter, petitioner and Mr. Williams were arrested at a hotel. Using serial numbers from the cash used in the CI's controlled buy, the police determined that petitioner paid for the hotel room with the controlled-buy money. Petitioner was indicted on one count of delivery of a controlled substance within one thousand feet of a school and one count of conspiracy to commit a felony. He unsuccessfully moved to suppress the CI's video recording.

In 2016, petitioner was tried and convicted on both counts of the indictment. Post-trial, the circuit court denied petitioner's motion for a judgment of acquittal or a new trial. Thereafter, a jury found petitioner guilty of recidivism. The trial court sentenced petitioner (1) to a recidivist term of life in prison for his conviction of delivery of a controlled substance within one thousand feet of a school, and (2) to a concurrent term of one to five years in prison for his conviction for conspiracy to commit a felony. On direct appeal, petitioner challenged his convictions and recidivist sentence. This Court affirmed the circuit court's judgment in *State v. Tilley*, No. 17-0155, 2018 WL 3005946 (W. Va. June 15, 2018) (memorandum decision). In 2018, petitioner, by counsel, filed an amended habeas corpus petition asserting numerous grounds for relief which the habeas court rejected. Petitioner now appeals arguing that the habeas court erred in denying relief.

---

[1] Petitioner appears by Jason E. Wingfield; respondent appears by Patrick Morrisey.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Hayes*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Petitioner's first argument claims there was prejudicial pretrial publicity because "someone" told him his case was frequently mentioned on the local news. Petitioner also claims that some of the jurors had connections to, or relatives involved in, law enforcement. Petitioner admits that the jurors denied having seen or heard anything about petitioner's case and avowed that they could be fair and impartial despite their connections. Moreover, trial counsel did not object to the jury panel, and petitioner raised neither issue on direct appeal. Thus, he has waived both issues. *See* Syl. Pts. 1 and 2, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972) (creating a rebuttable presumption that if a petitioner fails to raise an issue in a direct appeal, then petitioner "intelligently and knowingly waived" that issue for purposes of the habeas corpus petition).

Petitioner next argues that West Virginia Code §§ 62-1F-1 to -9 (governing electronic interception of a person's conduct or statements in the person's home) is unconstitutional. We found in petitioner's direct appeal that he lacked standing to challenge the warrant giving rise to the electronic search because he failed to establish he was anything more than a visitor to Mr. Williams's apartment. We now conclude, for the same reason, that the circuit court correctly found that petitioner lacks standing to challenge the constitutionality of the statutes giving rise to the warrant for the search. Further, petitioner raised a similar claim in his direct appeal and, hence, his claim is also barred by res judicata. Accordingly, we find no error by the habeas court.[2]

Petitioner's third argument is that his trial counsel provided ineffective assistance. Petitioner asserts his trial counsel failed to subpoena two witnesses who he claims would have testified that petitioner was in West Virginia at the time of his crime for the purpose of furthering his music career. Petitioner also asserts that his trial counsel should have retained an investigator to "determine how and when the electronic intercept warrants were issued and to undercut the credibility of the State witnesses."

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). The circuit court correctly found

---

[2] Petitioner's argument also incorporates a claim that he was impermissibly sentenced under the wrong statute. However, because he failed to raise this claim in his direct appeal, it is waived.

that trial counsel's performance was not deficient and, even if it had been, petitioner fails to identify how this information would have altered the outcome of his trial. Petitioner also argues that the habeas court abused its discretion in denying his motion to appoint an expert defense attorney to give an opinion regarding his trial counsel's representation. However, habeas petitioners are not entitled, as a matter of right, to expert legal witnesses. *See Painter v. Ames*, No. 17-1010, 2019 WL 2452674, at *9 (W. Va. June 12, 2019) (memorandum decision).

Petitioner's fourth claim is that the trial court's allegedly unwarranted *Allen* charge,[3] given by the court at his recidivist trial fewer than two hours into the jury's deliberations, "force[d] the minority to yield" so as to comply with the court's implicit desire. "[W]here a party does not object to the giving of an *Allen* charge, he must show plain error in order to obtain a reversal of the conviction." *State v. Waldron*, 218 W. Va. 450, 459, 624 S.E.2d 887, 896 (2005). The circuit court gave the jury an *Allen* charge without objection from petitioner after the jury claimed it was deadlocked. The court then explicitly told the jurors that "I do not want you to understand that by what I say that you are going to be made to agree or that you are going to be kept here until you do agree[.]" On these facts, we find no error.

Petitioner next avers that his recidivist sentence enhancement was disproportionate and/or unconstitutional because his crime was not violent and occurred in the summertime when no children were at the nearby school. Petitioner failed to raise this issue on direct appeal, and, thus, he has waived it. *Ford*, 156 W. Va. at 362, 196 S.E.2d at 91, Syl. Pts. 1 and 2. However, even if he had not waived it, the delivery of a controlled substance within 1,000 feet of a school is a proper triggering offense for which a recidivist sentence can constitutionally apply. *See State v. Dumire*, No. 19-1086, 2020 WL 7391153, at *7 (W.Va. Dec. 16, 2020) (memorandum decision). Again, we find no error.

Petitioner raises several additional assignments of error that he failed to raise on direct appeal and, therefore, has waived under Syllabus Points 1 and 2 of *Ford*. Those assignments of error include his claims that (1) the State knowingly used Williams's perjured trial testimony; (2) the State presented a prejudicial statement to the jury; (3) an evidentiary video showing petitioner handing crack cocaine to the CI was wrongfully altered and/or enhanced; (4) he wrongfully remained incarcerated throughout his case because his bail was set at an excessive amount; and (5) the State lied to the grand jury regarding how it obtained the electronic intercept order.

Finally, petitioner asserts two assignments of error – "unlawful sentence (failure to adequately prove predicate offense)" and "constitutional errors in evidentiary rulings" – which he

---

[3] As we said in *State v. Waldron*, 218 W. Va. 450, 459 n.11, 624 S.E.2d 887, 896 n.11 (2005):

"The *Allen* charge, often called the 'dynamite charge,' is a supplemental instruction given to encourage deadlocked juries to reach agreement." Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure*, Vol. II, page 257 (2nd Ed.1993). The name for this particular instruction originated from the case of *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

wholly failed to address in his brief. Accordingly, we find petitioner effectively abandoned those assignments of error.

For the foregoing reasons, we affirm the circuit court's July 14, 2021, order.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn